STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

23-47

MARTIN C. WILLRIGE, III.

VERSUS

LETITIA B. WILLRIGE

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 90752
HONORABLE CURTIS SIGUR, DISTRICT JUDGE

**********

WILBUR L. STILES
JUDGE

**********

Court composed of Elizabeth A. Pickett, Ledricka J. Thierry, and Wilbur L. Stiles, Judges.

REVERSED IN PART; AFFIRMED IN PART. REMANDED.

**Rudy Willie Gorrell, Jr.**
**Attorney at Law**
**1215 Prytania Street, Ste 223**
**New Orleans, LA 70130**
**(504) 553-9588**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
**Martin C. Willrige, III.**

**Lucretia P. Pecantte**
**Attorney at Law**
**124 W. Washington St, Ste B**
**New Iberia, LA 70560**
**(337) 374-1202**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Letitia B. Willrige**

**STILES, Judge.**

Appellant Martin Willrige appeals the trial court's judgment adopting the hearing officer's recommendation and granting Appellee Letitia Willrige's Rule for Contempt without considering his Objection to the Hearing Officer Conference Report. For the reasons set forth below, we reverse the trial court's judgment adopting the hearing officer's February 2, 2022 recommendations as a final judgment and remand the matter to the district court to conduct a hearing on the singular issue of Mr. Willrige's objection to said recommendations. We further affirm the remainder of the trial court's June 13, 2022 judgment.

### FACTS AND PROCEDURAL HISTORY

Martin Willrige and Letitia B. Willrige were married on November 5, 2005. They have two children, a son born on May 5, 2006, and a daughter born on August 8, 2007. On July 26, 2021, Mr. Willrige filed a Petition for 103(1) Divorce with Minor Children and a Rule for Custody, Visitation, Child Support, Spousal Support, Paternity or Other Relief. In response thereto, Mrs. Willrige filed on August 9, 2021 Answers and Reconventional Demand and Answers to Rule for Custody, Visitation, Child Support, Spousal Support, Paternity or Other Relief.

On August 19, 2021, both Mr. Willrige and Mrs. Willrige attended a hearing officer conference to address the issues of custody and child support. It is noted that while Mrs. Willrige was represented by counsel at this hearing officer conference, Mr. Willrige appeared in proper person. At the conclusion of the conference, the hearing officer issued a Hearing Officer Conference Report in which she made the following recommendations for custody and child support: the parties shall share the joint custody of the children, approximately shared on a 40/60 split; Mrs. Willrige is designated as the domiciliary parent; Mr. Willrige shall pay child support to Mrs.

Willrige in the amount of $1,484.00 per month, payable in equal installments of $742.00 on the fifth and twentieth days of each calendar month[1]; Mr. Willrige owes approximately $989.00 prorated from August 10 until August 31, 2021, due to the retroactivity of the award of child support; Mrs. Willrige shall pay the registration, private school tuition, and other mandatory school expenses of the children in a timely manner; Mrs. Willrige shall maintain health and hospitalization insurance coverage on the children; Mr. Willrige shall be entitled to claim their son as dependent for all state and federal income tax purposes; Mrs. Willrige shall be entitled to claim their daughter for all state and federal income tax purposes; for any advanced credit for the children that Mr. Willrige may receive after August 9, 2021, he shall give Mrs. Willrige thirty-five percent of the payments, within thirty days of payment by the IRS; Mrs. Willrige does not show a need for interim spousal support; Mr. Willrige shall have the exclusive use and possession of the Navigator and two pick-ups, for which he shall be responsible for all associated consumer credit obligations and insurance obligations; and Mrs. Willrige shall have the exclusive use and possession of the BMW, for which she shall be responsible for all associated consumer credit obligations and insurance obligations.

Both parties timely filed objections to the Hearing Officer Conference Report and the matter was scheduled for trial on December 14, 2021. While awaiting trial, a Judgment Adopting the Hearing Officer's Recommendations was signed by the trial court on October 1, 2021, adopting the hearing officer's recommendations of August 19, 2021 as a temporary judgment of the court. Mr. Willrige, having retained

---

[1] The hearing officer noted in her recommendation that Mr. Willrige was given a credit for the 40% of time he spends with the children, which is a deviation insofar as the child support calculation was done using worksheet B.

counsel, filed on November 10, 2021 a Motion for a Watermeier Hearing. When the matter came up for trial on December 14, 2021, the trial court noted on the record that Mrs. Willrige's attorney had requested a continuance due to the extensive testimony expected at the trial and the Watermeier hearing requested by Mr. Willrige. Thus, the Watermeier hearing was rescheduled for March 22, 2022, with the trial to immediately follow.

On December 28, 2021, Mrs. Willrige filed a Rule for Contempt alleging that Mr. Willrige had willfully failed and refused to comply with the October 1, 2021 judgment in that he had not paid the court ordered child support for September, October, and November 2021, and had not paid Mrs. Willrige thirty-five percent of the money he received from the IRS for advanced credit for the children within thirty days of payment. The Rule for Contempt was scheduled for a hearing officer conference on February 2, 2022, with the trial to be held on March 22, 2022 should either party file an objection to the hearing officer's recommendations.

Mrs. Willrige and her attorney attended the February 2, 2022 hearing officer conference; however, Mr. Willrige and his attorney did not. After considering Mrs. Willrige's evidence, the hearing officer recommended that Mr. Willrige be found in contempt of the October 1, 2021 judgment for failing to pay to Mrs. Willrige the full amount of child support for September 2021 through January 2022 and failing to pay any of the tax credit. The hearing officer calculated the total amount of Mr. Willrige's arrearages to be $3,289.00 as of January 31, 2022, said amount to be made executory. She further recommended that he pay attorney fees in the amount of $750.00 directly to Mrs. Willrige's counsel, on or before March 21, 2022 at 4:30 p.m., and that he be ordered to pay the costs associated with the filing of Mrs. Willrige's rule for contempt. Due to Mr. Willrige's failure to remain current in his child support

obligation, the hearing officer recommended that the right to claim both children as dependents for tax purposes should be allocated to Mrs. Willrige, the domiciliary parent. It was further recommended that, having been found to be in contempt of court, Mr. Willrige be sentenced to serve thirty days in the parish jail and fined $500.00, said sentence to be suspended on the following conditions: (1) he become current in the amount of arrears owed to Mrs. Willrige by or before March 21, 2022 at 4:30 p.m., and remain current in his ongoing support obligation; (2) he pay all court costs and attorney fees by March 21, 2022 at 12:00 p.m.; and (3) he not be found to be in arrears or in contempt of court in any further proceedings.

On February 9, 2022, Mr. Willrige filed an Objection to Hearing Officer Conference Report, objecting to the February 2, 2022 hearing officer recommendations on the grounds that (1) he did not willfully disobey an order of the court, (2) he was never ordered to pay arrears, thus he cannot be held in contempt for any failure to pay any arrears, and (3) Mrs. Willrige refused to pay her portion of the car insurance for the BMW. Also on February 9, 2022, Mr. Willrige filed his own Rule for Contempt, alleging that Mrs. Willrige failed to pay their son's private school tuition for the months of June, July, August, and September 2021 and refused to give Mr. Willrige credit or reimbursement for his having paid the tuition for those months. He further alleged that Mrs. Willrige failed to pay the car insurance and car note for the BMW, as ordered by the October 1, 2021 judgment, forcing him to pay the car insurance. Mr. Willrige's rule for contempt was not scheduled for a hearing officer conference. It was simply scheduled for trial on March 22, 2022, the same date as all other pending matters.

The trial of these matters was held over the course of two days, March 22 and March 30, 2022. The court first addressed Mrs. Willrige's rule for contempt against

4

Mr. Willrige. Mrs. Willrige's attorney informed the trial court that neither Mr. Willrige nor his attorney appeared at the February 2, 2022 hearing officer conference, and therefore, per the local rules of the 16th Judicial District Court, Mr. Willrige had waived his right to object to the hearing officer's recommendations. She asked the trial court to adopt the hearing officer's February 2, 2022 recommendations finding Mr. Willrige in contempt as the judgment of the court since no objection had been properly filed.

The trial court confirmed with the minute clerk that the service return in the record verified Mr. Willrige was personally served through his attorney of record on January 7, 2022 with notice of the February 2, 2022 hearing officer conference. Neither Mr. Willrige nor his attorney gave any explanation to the trial court why they did not attend the February 2, 2022 hearing officer conference. Mr. Willrige's attorney did, however, argue vehemently that he felt Mr. Willrige had properly and timely filed an objection to the February 2, 2022 hearing officer's recommendations and the trial court should hold a trial de novo on the allegations of contempt. After carefully considering the matter and applicable court rules, the trial court provided counsel for both parties with a copy of the local rule for the 16th Judicial District Court, Appendix 35.5, directing their attention to section E, which the judge read aloud into the record:

> A party who, after having been duly cited and served with process, fails to appear or remain for the duration of a Hearing Officer Conference waives the right to file an objection to the recommendations contained in the Hearing Officer Conference Report, unless the Hearing Officer has excused the failure to appear or to remain for the duration of the Hearing Officer Conference.

5

La.Dist.Ct.R.35.5, App.35.5, 16th JDC (E).[2] The trial court indicated it would follow the rule and adopt the hearing officer's February 2, 2022 recommendations as though no objection had been filed. Mr. Willrige's attorney noted for the record that he believed the local rules were contrary to La.R.S. 46:236.5, and he intended to appeal the issue to the appellate court.

Testimony and evidence were then introduced on the issues of custody and child support. Mr. Willrige argued that certain business expenses should have been deducted from his income when calculating his gross income for child support purposes since he is self-employed. Specifically, he indicated that he believed expenses for gas and maintenance on his trucks (Mr. Willrige is self-employed as a truck driver) should be considered ordinary and necessary business expenses.[3] The only evidence produced at trial for the purpose of calculating child support were the parties' tax returns for the years 2018, 2019, and 2020, which were filed and introduced into the record by Mrs. Willrige's attorney. Mrs. Willrige's attorney questioned Mr. Willrige at length on the income and deductions listed on his tax returns. The attorneys then presented arguments to the court on what income and what deductions could be considered for calculating child support, relying

---

[2] To clarify for the record, this court notes that argument on Mrs. Willrige's rule for contempt had begun on March 22, 2022, but due to extreme weather conditions, the trial court allowed everyone to leave early and return on March 30, 2022 to complete the trial. It was when arguments resumed on March 30, 2022 that the trial court informed the parties it had identified the specific local rule and presented them with copies.

[3] This court notes that Mr. Willrige did not produce any documents or other such evidence at trial indicating which business expenses he wanted the court to consider deducting from his income. No receipts or even a list of gas and maintenance expenses were produced at trial. Mr. Willrige did, however, provide the hearing officer at the August 19, 2021 hearing officer conference with copies of bank statements for both his personal account and his business account for Platinum Haulers, LLC. The hearing officer attached to her August 19, 2021 Report, as Exhibit A, a sheet of paper detailing her calculations for the support issues. Included on this Exhibit A is a calculation for "Income" as well as a calculation for "Expenses-Business". Exhibit A indicates that the business expenses were subtracted from the income.

specifically on La.R.S. 9:315(C)(3)(c).[4] The trial court advised the parties that it would take the matter of child support under advisement and allow the parties to submit post-trial memoranda. Mr. Willrige was given fifteen days to file his post-trial memorandum, with Mrs. Willrige given an additional seven days to respond.[5]

Mr. Willrige's rule for contempt against Mrs. Willrige for her failure to pay the son's tuition, the car note on the BMW, and the insurance on the BMW was then considered by the trial court. After hearing testimony from both parties and considering what evidence had and had not been presented at trial, the trial court found that it could not find Mrs. Willrige in contempt for failing to pay the son's

---

[4] Louisiana Revised Statute 9:315(C)(3) defines "Gross income" for purposes of calculating child support, and provides as follows, with specific emphasis on subsection (c):

> (3) "Gross income" means:
>
> (a) The income from any source, including but not limited to salaries, wages, commissions, bonuses, dividends, severance pay, pensions, interest, trust income, recurring monetary gifts, annuities, capital gains, social security benefits, workers' compensation benefits, basic and variable allowances for housing and subsistence from military pay and benefits, unemployment insurance benefits, disaster unemployment assistance received from the United States Department of Labor, disability insurance benefits, and spousal support received from a preexisting spousal support obligation;
>
> (b) Expense reimbursement or in-kind payments received by a parent in the course of employment, self-employment, or operation of a business, if the reimbursements or payments are significant and reduce the parent's personal living expenses. Such payments include but are not limited to a company car, free housing, or reimbursed meals; and
>
> (c) Gross receipts minus ordinary and necessary expenses required to produce income, for purposes of income from self-employment, rent, royalties, proprietorship of a business, or joint ownership or a partnership or closely held corporation. **"Ordinary and necessary expenses" shall not include amounts allowable by the Internal Revenue Service for the accelerated component of depreciation expenses of investment tax credits or any other business expenses determined by the court to be inappropriate for determining gross income for purposes of calculating child support.** [Emphasis added.]

[5] There are indications in Mr. Willrige's appellant brief that he did submit a post-trial memorandum to the trial court. However, it is not in the appellate record, and therefore cannot be considered for purposes of this appeal. Mrs. Willrige's post-trial memorandum is included in the appellate record.

7

tuition or the car insurance. It did, however, find Mrs. Willrige in contempt of court for failing to pay the car note for the BMW.

The trial court rendered two separate Reasons for Judgment on May 13, 2022. In the first Reasons for Judgment, the trial court analyzed the legal factors to be considered for custody and child support. Joint custody was awarded to the parties on a 50/50 split, with the parties to exchange custody each Sunday at 6:00 p.m., effective May 1, 2022.[6] Mrs. Willrige was designated as the domiciliary parent. The trial court adopted all other custody recommendations of the hearing officer "not inconsistent with the 50/50 weekly split," as well as "the holidays and special occasions visitation recommendations of the Hearing Officer." As for child support, the trial court accepted the hearing officer's recommendations for the gross income of both parties and ordered Mr. Willrige to pay to Mrs. Willrige child support payments in the amount of $1,030.13 per month, payable in equal installments of $515.06 on the fifth and twentieth days of each calendar month. The trial court then noted that it "accepts all other recommendations of the Hearing Officer as it relates to child support."

The second Reasons for Judgment addressed Mrs. Willrige's rule for contempt and the February 2, 2022 hearing officer conference. The trial court found that the record shows that Mr. Willrige's attorney was served with notice of the February 2, 2022 hearing officer conference and March 22, 2022 trial date; however, neither Mr. Willrige nor his attorney attended the hearing officer conference. There is nothing in the record to indicate that the hearing officer excused Mr. Willrige's failure to appear.

---

[6] The trial court's award of a 50/50 split custody arrangement varies slightly from the hearing officer's recommendation of a 60/40 split. The trial court's downward deviation in the child support award reflects the fact that Mr. Willrige will be exercising a longer custodial period than previously recommended by the hearing officer.

Citing La.Dist.Ct.R.35.5, App.35.5, 16th JDC (E), the trial court held that Mr. Willrige's objection to the Hearing Officer Conference Report was waived by his failure to appear at the hearing officer conference. The judgment of contempt was therefore made final.

A judgment was signed by the trial court on June 13, 2022, and included the court's orders for custody and child support as specified in its reasons for judgment. The judgment further ordered that the hearing officer's recommendations pursuant to Mrs. Willrige's rule for contempt are "granted and the recommendation dated February 2, 2022, shall be adopted, and made an order of the court." It was further ordered that Mr. Willrige's rule for contempt against Mrs. Willrige be granted, finding Mrs. Willrige in contempt of court, and ordering her to pay Mr. Willrige attorney fees in the amount of $750.00. Mrs. Willrige's claim for interim spousal support was dismissed without prejudice.[7] It was ordered that the issues of credit and retroactivity regarding child support be set at a future proceeding. Finally, it was ordered that the parties shall each pay one half of the costs of these proceedings.

On July 18, 2022, the trial court granted Mr. Willrige's petition for devolutive appeal.[8] Mr. Willrige asserts three Assignments of Error:

---

[7] It was agreed at trial that Mrs. Willrige had not objected to the hearing officer's recommendation that Mrs. Willrige had not shown a need for interim spousal support.

[8] Mr. Willrige is appealing from the June 13, 2022 Judgment, which adopts the hearing officer's recommendations of August 19, 2021 and February 2, 2022, incorporating those recommendations as orders of the court. While the Judgment references these recommendations, it is not apparent in the record before us that they were attached to the June 13, 2022 Judgment. They are, however, filed elsewhere in the record and available for consideration. On this point, we note that a final judgment generally cannot require reference to extrinsic documents or pleadings in order to discern the court's ruling. *Camalo v. Courtois*, 19-15 (La.App. 3 Cir. 10/2/19), 280 So.3d 956, *writ denied*, 19-1776 (La.1/14/20), 291 So.3d 682, *and writ denied*, 19-1766 (La.1/14/20), 291 So.3d 686. To the extent, however, the Judgment under review lacks certain hallmarks of a final judgment, we may consider this matter under supervisory jurisdiction. *Rigmaiden v. Dellafosse*, 22-816 (La.App. 3 Cir. 3/29/23), 364 So.3d 472.

(1) The Trial Court erred in granting Appellee Mrs. Willrige's Rule for Contempt and denying Appellant Mr. Willrige's timely objection to the Hearing Officer's Recommendation.

(2) The Trial Court erred in denying Appellant Mr. Willrige's timely objection to the Hearing Officer's Recommendation, finding Mr. Willrige in contempt of court for failing to pay his child support obligation and arrears.

(3) The Trial Court erred in determining that Louisiana District Court Rules, Appendix 35.5(E) for the 16th Judicial District Court was not in conflict with Louisiana District Court Rule 35.5 and La.R.S. 46:236.5, depriving him of his due process rights to be heard.

## DISCUSSION

### *Standard of Review*

The standard of review for an appellate court in a child support case is manifest error. "An appellate court cannot set aside a trial court's findings of fact in the absence of manifest error or unless those findings are clearly wrong." *Barlow v. Barlow*, 11-1286 (La.App. 3 Cir. 4/11/12), 87 So.3d 386, 391. Furthermore, "[a] trial court is vested with great discretion to determine whether a party should be held in contempt for willfully disobeying a trial court judgment." *Id.*, at 395 (quoting *Barnes v. Barnes*, 07-27, p. 9 (La.App. 3 Cir. 5/2/07), 957 So.2d 251, 257)).

### *Objection to Hearing Officer Conference Report*

Mr. Willrige argues in his appellant brief that the trial court should have considered his timely filed objection to the February 2, 2022 Hearing Officer Conference Report and held a contradictory hearing on the allegations contained in Mrs. Willrige's rule for contempt. He contends that the local rules for the 16th Judicial District Court, followed by the trial court during the March 2022 trial, conflict with Louisiana statutory law and severely prejudice him by depriving him of his day in court.

10

Louisiana Revised Statute 46:236.5 provides for an expedited process for the establishment and enforcement of custody and child support matters in district courts using hearing officers. The judges of a district court are authorized to appoint hearing officers "to hear paternity, support, and other domestic and family related matters." La.R.S. 46:235.5(C)(1). The specific authority of the hearing officer is further delineated in Subsection (C):

> (3) The hearing officer shall act as a finder of fact and shall make written recommendations to the court concerning any domestic and family matters as set forth by local court rule, including but not limited to the following matters:
>
> > (a) Hear and make recommendations on establishment and modification of child and spousal support, child custody and visitation.
> >
> > (b) Hear and make recommendations on the method of collection of child and spousal support.
> >
> > (c) Hear and make recommendations on enforcement of child and spousal support, including but not limited to proceedings under Children's Code Articles 1352 through 1355, and on enforcement of child custody and visitation.
> >
> > (d) Hear and make recommendations on contested and uncontested paternity cases.
> >
> > (e) **Hear and make recommendations on default orders or rules to show cause, if the absent parent does not respond to notice.**
> >
> > (f) **Hear and make recommendations on the punishment by the court for the constructive contempt of an order of the court or hearing officer.**
> >
> > (g) **Hear and make recommendations regarding confirmation of domestic and family default judgments, provided that no judgment shall be effective until signed by a district judge.**
> >
> > (h) Hear and make recommendations regarding the granting of uncontested divorces and approve domestic and family consent judgments provided that no judgment shall be effective until signed by a district judge.

11

(i) Hear and make recommendations regarding the resolution of disputes concerning discovery or the issuance of subpoenas.

(j) Hear and make recommendations regarding the referral of parties to mediation, medical and psychological evaluation, and drug testing in accordance with R.S. 9:306 and 331 et seq., and to make recommendations regarding the referral of parties to counseling and substance abuse treatment.

(k) Hear and make recommendations on all protective orders filed in accordance with R.S. 46:2131 et seq., R.S. 46:2151 et seq., R.S. 46:2171 et seq., R.S. 46:2181 et seq., and the Children's Code and on all injunctions filed in accordance with R.S. 9:361 et. seq., 371, and 372 and Code of Civil Procedure Articles 3601 et seq., which involve personal abuse, terrorizing, stalking, or harassment; and hear and make recommendations on all motions for contempt of court and motions to extend, modify, or dissolve protective orders and injunctions.

La.R.S. 46:235.5(C)(3) (emphasis added).

The process for the filing of objections to those hearing officer recommendations is also provided for in La.R.S. 46:236.5(C):

(6) A copy of any written recommendations, orders, or uncontested judgments rendered by the hearing officer shall be provided to the parties and their counsel at the time of the hearing officer's ruling, if present. Any party who disagrees with a judgment or ruling of a hearing officer on a matter set forth in Paragraph (3) may file a written objection to the findings of fact or law of the hearing officer within the time and manner established by court rule. The objection shall be heard by the judge of the district court to whom the case is assigned. Upon filing of the objection, the court shall schedule a contradictory hearing where the judge shall accept, reject, or modify in whole or in part the findings of the hearing officer. If the judge in his discretion determines that additional information is needed, he may receive evidence at the hearing or remand the proceeding to the hearing officer.

(7) If no written objection is filed with the clerk of court within the time and manner established, the order shall become a final judgment of the court and shall be signed by a judge and appealable as a final judgment. The judgment after signature by a district judge shall be served upon the parties in accordance with law.

More specific rules concerning attendance at hearing officer conferences and the filing of objections to hearing officer recommendations are contained in the local rules for Louisiana district courts. Pursuant to La.Dist.Ct.R. 35.5, a party shall file any objection to the hearing officer's recommendations within five days, exclusive of legal holidays, from the date the recommendation was issued. That rule further provides, "For court-specific rules concerning objections to hearing officer recommendations…, *see* Appendix 35.5." La.Dist.Ct.R. 35.5 (emphasis in original). Louisiana District Court Rule 35.3 provides that when any party who has been cited with notice of a hearing officer conference fails to appear, "the hearing officer may impose or recommend a finding of contempt and appropriate sanctions in accordance with La.R.S. 46:236.5(C)(3)(f) and La.R.S. 46:236.5(C)(4)(g), or any other remedy provided by law."[9] La.Dist.Ct.R. 35.3.

The local rule to which Mr. Willrige objects in this appeal is in the District Court Appendices, Appendix 35.5, which is referenced in La.Dist.Ct.R. 35.5, above. Appendix 35.5(E) for the 16th Judicial District Court provides:

> A party who, after having been duly cited and served with process, **fails to appear** or remain for the duration of a Hearing Officer Conference **waives the right to file an objection** to the recommendations contained in the Hearing Officer Conference Report, unless the Hearing Officer has excused the failure to appear or to remain for the duration of the Hearing Officer Conference.

La.Dist.Ct.R. 35.5, App. 35.5, 16th JDC(E) (emphasis added). He argues that the 16th Judicial District Court's adoption of this rule deprives a person of his due process rights to a hearing and that this deprivation of due process rights was never intended by Louisiana statutory law or the district court rules. Specifically, he contends that

---

[9] Louisiana 46:236.5(C)(3)(f) permits a hearing officer to make a recommendation for constructive contempt, while 46:236.5(C)(4)(g) permits a hearing officer to fine and punish a party for direct contempt of court.

13

the rule deprives a person who has timely filed an objection of his right to a hearing by the trial court based on the simple fact that he has failed to appear at the hearing officer conference. Neither La.R.S. 46:236.5 nor La.Dist.Ct.R. 35.3 provides such a harsh penalty for the failure to attend a hearing officer conference. Mr. Willrige acknowledges that a court is allowed "to adopt rules for the conduct of judicial business before it, including those governing matters of practice and procedure that are not contrary to the rules provided by law." La.Civ.Code art. 193. Local rules of court, however, cannot conflict with legislation and will be declared null and void to the extent they conflict with a statute. *Rodrigue v. Rodrigue*, 591 So.2d 1171 (La.1992). Additionally, Mr. Willrige acknowledges the legislature's intention for parties to recognize the importance of appearing for court hearings for which they were properly noticed. He, however, believes a finding of contempt and sanctions, such as those provided for in La.R.S. 46:236.5 and La.Dist.Ct.R. 35.3, would have been appropriate, rather than the trial court's action of disallowing his objections to the hearing officer recommendations.

In her appellee brief, Mrs. Willrige cites La.Dist.Ct.R. 35.0, which provides, in part:

> In those courts where hearing officer conferences are required, the following rules are applicable:
>
> > (a) Upon filing pleadings on family proceedings, all parties will be required to attend a hearing officer conference with a hearing officer unless specifically waived by the court.

Louisiana District Court Rule 35.3 provides consequences for a duly served individual who fails to appear at the court-ordered hearing officer conference, including "sanctions in accordance with La.R.S. 46:236.5(C)(3)(f) and La.R.S. 46:236.5(C)(4)(g), **or any other remedy provided by law**." (Emphasis added.) Mrs.

Willrige contends that an "other remedy provided by law," as specified in La.Dist.Ct.R. 35.3, is provided for in Appendix 35.5(E) of the 16th Judicial District Court, which instructs that when a party who has been duly cited and served with process fails to appear at the hearing officer conference, he waives the right to file an objection to the hearing officer's recommendations. Mr. Willrige was personally served through his attorney of record with notice to appear at the hearing officer conference. Neither Mr. Willrige not his attorney appeared at the conference. Mrs. Willrige and her attorney *did* attend the hearing officer conference, at which she presented her evidence to the hearing officer. The local district rules and the court specific rules provide for consequences of a duly served individual who fails to appear at the hearing officer conference. Thus, Mrs. Willrige argues the trial court was correct in declining to consider Mr. Willrige's objection and adopting the hearing officer's recommendations as the order of the court.

Per Louisiana Revised Statutes 46:235.5(C)(3), a hearing officer is only empowered to make findings of fact and recommendations on default orders and rules to show cause, as well as hear and make recommendations on punishment for constructive contempt. The effect of the local rule of the 16th Judicial District Court at Appendix 35.5(E), by which a party failing to appear at a hearing officer conference waives the right to file an objection and have the matter considered by the trial court judge, is to give the authority to the hearing officer to issue a recommendation that automatically becomes a final judgment pursuant to La.R.S. 46:236.5(C)(7), which states:

> If no written objection is filed with the clerk of court within the time and manner established, the order shall become a final judgment of the court and shall be signed by a judge and appealable as a final judgment.

However, as recognized above, La.R.S. 46:236.5(C)(3)(e) only authorizes the hearing officer to *make recommendations* when an absent parent fails to respond to notice on default orders and rules to show cause. The statute contemplates that a district court judge will ultimately review the findings of the hearing officer and issue a judgment if an objection is timely filed.

While La.Dist.Ct.R. 35.3 allows a hearing officer to impose or recommend a finding of contempt if a party fails to appear at the conference, that language is modified by the phrase "in accordance with La.R.S. 46:236.5(C)(3)(f) and La.R.S. 46:236.5(C)(4)(g)[.]" Thus, the hearing officer in this case had the authority to make a recommendation that Mr. Willrige was in constructive contempt for his failure to appear, but that finding was still subject to review by the district court judge.

Mr. Willrige timely filed his objection to the hearing officer's February 2, 2022 recommendation. Under La.R.S. 46:236.5(C)(6), when a party files a "written objection to the findings of fact or law of the hearing officer within the time and manner established by court rule[,] . . . [t]he objection **shall** be heard by the judge of the district court to whom the case is assigned." (Emphasis added.) Under basic rules of statutory interpretation, the "shall" in this statute is mandatory. Mr. Willrige was therefore entitled to have the recommendation of the hearing officer reviewed by a district court judge. We find that the 16th Judicial District's local court rule, Appendix 35.5(E), impermissibly expands the authority of the hearing officer to issue judgments without the proper oversight by a district court judge where a party timely files an objection to the recommendations of the hearing officer, thereby conflicting with La.R.S. 46:236.5(C). As noted above, a local rule of court which is in conflict with legislation is null and not enforceable. *Rodrigue*, 591 So.2d 1171.

16

For these reasons, we remand this matter to the trial court to conduct a hearing on Mr. Willrige's objection to the hearing officer's February 2, 2022 recommendation that he be held in contempt of court.

***Calculation of Income for Purposes of Child Support***

Although not designated in this appeal as an assignment of error, Mr. Willrige includes in his appellant brief under Issues Presented his claim that the hearing officer failed to accurately calculate his income as self-employed truck driver, violating his substantive and due process rights. Mr. Willrige asks this court to remand the matter back to the hearing officer for a recalculation of his income, subtracting any "ordinary and necessary expenses required to produce income", such as the cost of gas for his trucks. We briefly address this claim.

At the August 19, 2021 hearing officer conference, Mr. Willrige presented the hearing officer with a copy of his personal bank statements and the bank statements for his business, Platinum Haulers, LLC. The bank statements documented all credit activity as well as electronic debits on a monthly basis. Thus, the hearing officer was able to calculate Mr. Willrige's monthly income and his monthly expenses, including business expenses, per the statements for both himself and Platinum Haulers, LLC. Mr. Willrige objected to the hearing officer's recommendations for both custody and child support, and those matters were scheduled for a trial de novo in March 2022.

At the March 22, 2022 trial, the trial court heard testimony from both Mr. Willrige and Mrs. Willrige concerning their income and expenses. Both parties were also questioned extensively concerning their 2018, 2019, and 2020 tax returns which had been filed into the trial record by Mrs. Willrige's attorney. After all testimony and argument, the trial court took the matter under advisement. In written reasons for judgment rendered May 13, 2022, the trial court stated that it accepted the

17

findings of the hearing officer's recommendations regarding the gross income of both parties. Based on those calculations of gross income, the trial court adjusted Mr. Willrige's child support obligation based on the trial court's award of shared 50/50 custody of the children.

Mr. Willrige contends that the hearing officer did not have sufficient documentation to calculate all of his expenses as compared to his income. He specifically notes that the hearing officer failed to review his tax returns. We do not find this argument persuasive. When calculating income for purposes of child support, the hearing officer was limited by the documents produced by the parties at the hearing officer conference. If Mr. Willrige felt additional and/or different documents were needed to calculate his income and expenses, it was incumbent upon him to produce such documents at the trial de novo before the trial court in March 2022. While Mr. Willrige was not represented by counsel at the August 19, 2021 hearing officer conference, he was represented by counsel at the March 2022 trial. We also note that the tax returns were introduced as evidence at the March 2022 trial. Thus, the tax returns were available for the trial court to consider when determining Mr. Willrige's income and expenses for purposes of calculating child support.

Due process requires notice and an opportunity to be heard. *Fairbanks v. Beninate*, 20-206 (La.App. 5 Cir. 12/23/20), 308 So.3d 1222, *writ denied*, 21-250 (La.3/23/21), 313 So.3d 272. *See also Yepez v. Yepez*, 21-477 (La.App. 1 Cir. 12/22/21), 340 So.3d 36, 41 n.4. We find that Mr. Willrige's due process rights were not violated by either the hearing officer conference or the trial de novo. He was given notice and provided with the opportunity of an initial hearing before the hearing officer on August 19, 2021, which he attended. He was further provided with

notice and a trial de novo before the trial court in March 2022 due to his objection to the hearing officer's recommendations, which he attended with his attorney. Documents showing his income and expenses were introduced and filed into the record at both the hearing officer conference and the trial de novo, including bank statements for Mr. Willrige's personal account and his business account and the parties' tax returns for 2018, 2019, and 2020.

We further find that the trial court did not commit manifest error by accepting the hearing officer's recommendations regarding the gross income of both parties for purposes of calculating child support. "The trial court is granted great deference in fixing a child support award, and its determination of a parent's gross monthly income and his/her credibility is subject to a manifest error review." *Magnon v. Magnon*, 20-143 (La.App. 3 Cir. 11/18/20), 307 So.3d 1151, 1154. Moreover, "[t]he trial court has broad discretion in determining which figures are appropriate to use when calculating a parent's monthly gross income." *Id.* at 1155. The record indicates that the trial court considered the testimony and documents presented to it at the March 2022 trial, as evidenced by its frequent questioning of the parties and attorneys. The trial court went further by allowing the parties to submit post-trial memoranda arguing which expenses should be included when calculating the gross income of the parties. There is nothing in the record to indicate that the trial court was clearly wrong in its adoption of the hearing officer's recommendations of income.

## DECREE

For the foregoing reasons, the trial court's Judgment of June 13, 2022 is reversed insofar as it adopted the hearing officer's February 2, 2022 recommendation finding Appellant Martin Willrige in contempt of court. This issue

is remanded to the trial court to conduct a hearing on the merits of Mr. Willrige's timely filed objection. The remainder of the June 13, 2022 judgment is affirmed. Costs of this proceeding are assessed equally to Appellant Martin Willrige and Appellee Letitia Willrige.

**REVERSED IN PART; AFFIRMED IN PART. REMANDED.**